# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

**JIMMY JAMES**                                                                 **PLAINTIFF**

**V.**                          **CASE NO. 3:19-CV-42-KGB-BD**

**POTTER,** *et al*.                                                          **DEFENDANTS**

## RECOMMENDED DISPOSITION

**I.    Procedures for Filing Objections:**

This Recommended Disposition (Recommendation) has been sent to Judge Kristine G. Baker. Mr. James may file written objections if he disagrees with the findings or conclusions in the Recommendation. To be considered, objections must be filed with the Court Clerk within 14 days. Objections should be specific and should include the factual or legal basis for the objection.

If Mr. James does not file objections, he risks waiving the right to appeal questions of fact. And, if no objections are filed, Judge Baker can adopt this Recommendation without independently reviewing the record.

**II.    Discussion:**

The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). Courts must dismiss complaints that fail to state a claim for relief prior to service of process. 28 U.S.C. § 1915A(b). In screening a complaint, courts generally assume that the factual

allegations in the complaint are true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire,* 636 F.3d 976, 979 (8th Cir. 2011).

Mr. James is detained in the Craighead County Detention Facility. He alleges that Defendants, all officers at the Detention Facility, placed him in "lock down" for nine days as punishment for possessing a tobacco cigarette. (#1) Mr. James admits he had the cigarette, but he argues that he should not have been punished because Detention Facility employees and inmates who work at the Detention Facility are allowed to use smokeless tobacco and smoke cigarettes, on spite of the Detention Facility's "smoke-free" policy. (#1)

Even if all of his allegations are true, Mr. James has not stated a federal claim for relief. He has not alleged that he was treated differently from others because he is member of a protected class. To state a claim for violation of his right to equal protection of the law given these facts, Mr. James would have to allege that he was intentionally treated differently from *similarly situated* detainees without a rational reason. *Nolan v. Thompson,* 521 F.3d 983, 989-90 (8th Cir. 2008). Mr. James is at the Detention Facility for very different reasons from the reason employees and other workers are there.

Mr. James has not stated facts indicating unconstitutional conditions of confinement at the Detention Facility. There is no federally protected right to access tobacco while detained. Furthermore, his brief (nine-day) assignment to lock-down is not the type of harsh punishment that triggers the protection of the Due Process Clause.

## III.     Conclusion:

The Court recommends that Mr. James's lawsuit be DISMISSED, without prejudice, for failure to state a federal claim for relief.

DATED this 5th day of April, 2019.

_____
UNITED STATES MAGISTRATE JUDGE