IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

JIMMY JAMES                                                                    PLAINTIFF

v.                        Case No. 3:19-cv-00042-KGB-BD

POTTER, *et al.*                                                             DEFENDANTS

**ORDER**

Jimmy James, an inmate at the Craighead County Detention Center, filed this *pro se* lawsuit pursuant to 42 U.S.C. § 1983 (Dkt. No. 1). Pending before the Court is a Recommended Disposition submitted by United States Magistrate Judge Beth Deere (Dkt. No. 7). Mr. James filed objections to the Recommended Disposition (Dkt. No. 8). After careful review of the Recommended Disposition, a *de novo* review of the record, and a review of Mr. James' objections, the Court adopts the Recommended Disposition as its findings in all respects (Dkt. No. 7).

**I.     Background**

Mr. James filed this lawsuit *pro se* pursuant to 42 U.S.C. § 1983 (Dkt. No. 1). Mr. James alleges that defendants, all officers at the Craighead County Detention Center, placed him in "lock down" for nine days as punishment for possessing a tobacco cigarette (Dkt. No. 7, at 2). Mr. James admits that he had the cigarette, but he argues that he should not have been punished because Detention Facility employees and inmates who work at the Detention Facility are allowed to use smokeless tobacco and cigarettes in spite of the Detention Facility's "smoke-free" policy (*Id.*). Mr. James seeks punitive damages in the amount of $225.00, asks that defendants be held accountable and fined for their actions, and requests all other relief this Court deems proper (Dkt. No. 1, at 4).

## II. Recommended Disposition

In the Recommended Disposition, Judge Deere finds that, even if all of his allegations are true, Mr. James has not stated a federal claim for relief (Dkt. No. 7, at 2). Mr. James has not substantiated an equal protection claim as he has not alleged or demonstrated that he was treated differently from others because he is a member of a protected class, and Mr. James has not stated facts indicating unconstitutional conditions of confinement at the Detention Facility (*Id.*). Furthermore, Mr. James' nine-day assignment to lock-down is not the type of harsh punishment that triggers the protection of the Due Process Clause (*Id.*). Mr. James' objections reiterate the arguments of his complaint and fail to rebut Judge Deere's findings in this regard (Dkt. No. 8). Accordingly, the Court overrules Mr. James' objections and adopts Judge Deere's Recommended Disposition as its findings in all respects.

## III. Conclusion

For the foregoing reasons the Court adopts Judge Deere's Recommended Disposition as its findings in all respects (Dkt. No. 7). The Court dismisses without prejudice Mr. James' claims for failure to state a federal claim for relief.

So ordered this the 10th day of February, 2020.

*Kristine G. Baker*
Kristine G. Baker
United States District Judge